**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DONICA CHARLENE WILLIAMS,     )
                               )
             Plaintiff,     )
                               )
                               )  Case No. CIV-21-351-KEW
                               )
COMMISSIONER OF THE SOCIAL     )
SECURITY ADMINISTRATION,     )
                               )
             Defendant.     )

## OPINION AND ORDER

Plaintiff Donica Charlene Williams (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that she was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant

---

[1]    Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 46 years old at the time of the ALJ's decision. She has a high school education and no past work. Claimant alleges an inability to work beginning on January 1, 2017, due to limitations resulting from mental illness, post-traumatic stress disorder, bipolar disorder, generalized anxiety, and panic disorder with agoraphobia.

## Procedural History

On March 22, 2019, Claimant filed an application for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Her application was denied initially and upon reconsideration. On April 30, 2020, ALJ Charles Walters conducted an administrative hearing by

telephone because of circumstances associated with COVID-19. On May 22, 2020, ALJ Walters entered an unfavorable decision. Claimant requested review by the Appeals Council, and on December 22, 2020, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform work at all exertional levels with additional limitations.

## Errors Alleged for Review

Claimant's sole allegation of error is that the ALJ failed to perform a proper determination at step five of the sequential evaluation process.

## Consideration of the RFC Assessment

In his decision, the ALJ found Claimant suffered from severe impairments of depression and anxiety. (Tr. 21). He determined Claimant could perform work at all exertional levels, except she was limited to "simple, routine, and repetitive tasks but not at a production rate pace (e.g. assembly line work)." Claimant could "perform simple work-related decisions" and she could "interact with supervisors occasionally[.]" Claimant "would never be able to

4

interact with coworkers and the public[.]" She could, however,
"tolerate a few changes in a routine work setting." (Tr. 23-24).

After consultation with a vocational expert ("VE"), the ALJ
determined Claimant could perform the representative jobs of
laundry workers, light cleaners, unskilled office helper, and
garment sorter, all of which the ALJ found existed in sufficient
numbers in the national economy. (Tr. 29). As a result, the ALJ
concluded Claimant has not been under a disability since March 22,
2019, the date the application was filed. *Id.*

Claimant first argues that the ALJ failed to properly account
for her physical impairments of recurrent anemia, menorrhagia,
obesity, and abnormal uterine bleeding in the RFC and the
hypothetical question to the VE. She asserts that such conditions
would interfere with her ability to perform medium and even light
work.

The Court, however, finds that the ALJ adequately considered
Claimant's physical impairments. First, although the record
includes medical evidence from June of 2018, which indicates
Claimant received a blood transfusion because of heavy vaginal
bleeding, a pelvic ultrasound was normal. Claimant was assessed
with irregular periods and anemia, but there is no indication in
the record that the conditions resulted in any functional
limitations (Tr. 254-59, 265), which is the focus of the disability
determination. *See Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir.

1995) (the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment). Moreover, Plaintiff points to no evidence indicating that her obesity resulted in or contributed to any functional limitation.

Second, Claimant did not allege in her completed Disability Report or Function Report that any of these conditions limited her ability to work. (Tr. 175, 199-206, 220). Moreover, Claimant's testimony at the administrative hearing focused on her mental impairments, and she did not testify about any physical impairments or functional limitations stemming from them. (Tr. 36-54).

Finally, when considering the opinions of the state agency medical consultants, the ALJ found them persuasive, specifically noting that "their opinions are consistent with the evidence as a whole, specifically, a computed tomography of the claimant's abdomen and pelvis [which] showed no acute intra-abdominal findings." (Tr. 27, 373). Moreover, the state agency physicians considered Claimant's medical records from June of 2018, and both concluded that Claimant did not suffer from severe physical impairments. (Tr. 61-63, 76-77). For these reasons, the Court finds no error by the ALJ regarding Claimant's physical impairments.

Claimant next argues that the ALJ failed to account for her mental impairments of bipolar disorder NOS and panic disorder with agoraphobia in the RFC. The record, however, demonstrates that the

ALJ considered Claimant's bipolar NOS and panic disorder with agoraphobia when determining the RFC. In the decision, the ALJ specifically discussed that Claimant was diagnosed with bipolar disorder NOS, generalized anxiety disorder, and panic disorder with agoraphobia in May of 2019. (Tr. 26, 350, 383, 412). Moreover, he specifically addressed Claimant's diagnosis of various mental impairments, stating that "the undersigned is cognizant of the substantial overlap in symptomology between different mental impairments, as well as the inherently subjective nature of mental diagnoses. Accordingly, the claimant's psychological symptoms and their effect on her functioning were considered together, instead of separately, regardless of the diagnostic label attached." (Tr. 25). The ALJ's explanation is consistent with the case law that it is the functional consequences of a condition that determine disability and not a diagnosis. *See Coleman*, 58 F.3d at 579.

Claimant also contends that the ALJ failed to fully account for his own findings that Claimant had moderate limitations in understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing herself in the RFC. The ALJ's RFC assessment, however, accounted for all these limitations. The ALJ limited Claimant to "simple, routine, and repetitive tasks but not at a production pace" and "would be able to perform simple work-related decisions (addressing moderate functional limitations in

7

understanding, remembering, or applying information and in concentration, persistence, and pace), he limited Claimant to occasional interaction with supervisors and never interacting with co-workers and the public (addressing moderate functional limitation in interaction with others), and he determined Claimant "would be able to tolerate few changes in a routine work setting" (addressing moderate functional limitation in adapting and managing oneself). (Tr. 23-24). The Court finds no error in this regard.

Finally, Claimant contends the ALJ's step-five determination that she can perform the jobs of hotel laundry worker, unskilled officer helper, or garment sorter is unsupported by the record. She asserts there is a conflict because she is limited to an RFC for "simple, routine, and repetitive tasks but not at a production pace" and "would be able to perform simple work-related decisions," but these three jobs all require a reasoning level of two, which requires that a worker "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." *See* DOT # 361.687-014 (hotel laundry worker), # 239.567-010 (unskilled office helper), and # 361.687-014 (garment sorter). She contends she can only perform jobs with a reasoning level of one, and the ALJ failed to resolve this conflict between the DOT and the VE's testimony.

In *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), the Tenth Circuit found that jobs with a reasoning level of three were inconsistent with an RFC limiting a claimant to "simple and routine work tasks." It determined, however, that "level-two reasoning appears more consistent" with such an RFC. *Id.; see also Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. 2008) (rejecting the argument that "simple, repetitive and routine work" should be construed as a limitation to jobs with a reasoning-level of one). This Court and others have routinely determined that level-two reasoning is consistent with simple tasks. *See, e.g., Couch v. Berryhill*, 2017 WL 1194344, at *4 (E.D. Okla. Mar. 13, 2017)(finding "simple work" consistent with reasoning level of two); *Olsen v. Saul*, 2019 WL 4318486, at *4 (E.D. Okla. Sept. 12, 2019)(finding "simple tasks" consistent with reasoning level of two); *Goleman v. Colvin*, 2016 WL 3556958, at *4 (W.D. Okla., May 6, 2016) (finding "the ALJ properly relied on the jobs identified by the VE with a reasoning level of two" where the RFC limited the claimant to "simple, routine, repetitive instructions.").

A review of the hearing testimony reveals that the hypothetical posed to the VE, which was later incorporated by the ALJ into the RFC, included those mental limitations adopted by the ALJ. (Tr. 23-24, 47-49). Based on the ALJ's hypothetical question, the VE testified Claimant could perform the jobs of hotel laundry worker, unskilled office helper, and garment sorter, all jobs with

9

a reasoning level of two, and the job of light cleaner, with a reasoning level of one. (Tr. 47-49). The VE testified her testimony was consistent with the Dictionary of Occupational Titles. (Tr. 48-49). Relying on *Hackett*, this Court finds there is no conflict between the ALJ's RFC and the jobs of hotel laundry worker, unskilled office helper, and garment sorter.[2]

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED.**

IT IS SO ORDERED this 26th day of April, 2023.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

---

[2]     This Court does not address Claimant's remaining arguments as they assume she cannot perform the jobs with a reasoning level of two and pertain to the remaining job of light cleaner.